IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF NEW YORK

---

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | **Sentencing Memorandum of** |
| | : | **the United States** |
| v. | : | |
| | : | Crim. No. 10-CR-551 (TJM) |
| **PHILIP H. TARBELL**, | : | |
| | : | |
| Defendant. | : | |

---

**I.**  **INTRODUCTION**

On February 7, 2011, the defendant pled guilty to single count Indictment 10-CR-551, and admitted that he knowingly and intentionally possessed with intent to distribute marijuana, a controlled substance, in violation of 21 U.S.C. §841(a)(1), subject to the penalty provisions of 21 U.S.C. §841(b)(1)(D).

The government submits this Memorandum in anticipation of sentencing scheduled for June 7, 2011, in Albany, New York.

**II.**  **PLEA AGREEMENT:**  There is no written plea agreement in this case.

**III.**  **PRESENTENCE REPORT**

    **A.**  **Factual Findings**

The United States adopts the facts in the Presentence Investigation Report (PSR) with the exception of under-reported contact with law enforcement in paragraphs 10-11 and 25 (other arrests).  The government will provide additional information about additional known arrests and contact to the United States Probation Office.

### B. Calculation of the Sentencing Guidelines Range

The United States adopts the Sentencing Guidelines calculations in the PSR. The United States at sentencing will motion the Court for a one-level reduction because the defendant timely notified the government of his intention to plead guilty, in addition to the two-level reduction for Acceptance of Responsibility. (U.S.S.G. §3E1.1(a) and (b); PSR paras. 19 and 20). This calculation and application of the "safety valve" U.S.S.G. §5C1.2 yields a Total Offense Level of 15. The Criminal History Category (CHC) is I based upon 0 criminal history points. (PSR, paras. 22-25). The Sentencing Guidelines range is thus 18 to 24 months of imprisonment, two years to lifetime supervised release, and a fine range of $4,000 to $40,000. (PSR, paras. 40, 44 and 48).

## IV. MOTIONS AND REQUESTS OF THE UNITED STATES

### A. Ex Parte Communications With The Court

The United States respectfully requests that the Court provide the parties with any *ex parte* communications received by the Court in connection with sentencing, with the exception of the confidential sentencing recommendations submitted by the United States Probation Office.

### B. Departures by the Court from the Applicable Guidelines Range

If the Court is considering a departure from the applicable Sentencing Guidelines range on a ground not previously identified by the parties, the Presentence Investigation Report, or government request, the parties are entitled to notice and an opportunity to respond. *See* Fed R. Crim. P. 32(i)(1)(c), 32 (h).

## V. PROCEDURAL REQUIREMENTS

### A. Consideration of the Sentencing Guidelines and the § 3553(a) Factors

The Court "should begin all sentencing proceedings by correctly calculating the applicable guidelines range." *Gall v. United States*, 552 U.S. 38, 49 (2007); *see United States v. Cavera*, 550

F.3d 180, 190 (2d Cir. 2008) (citing a failure to calculate the Guidelines range or an incorrect calculation of the Guidelines range as examples of procedural error). In addition, in determining the sentence, the Court must consider the sentencing factors in §3553(a). *Cavera*, 550 F.3d at 188-89.

If the Court decides to impose a non-Guidelines sentence, the Court "must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Gall*, 552 U.S. at 50. "[A] major departure should be supported by a more significant justification than a minor one." *Id*. Although a sentencing court may vary from a Guideline range based on a policy disagreement with the Guidelines, such a deviation may not be entitled to the same deference as a fact-based deviation.

> [A] decision to vary from the advisory Guidelines may attract greatest respect when the sentencing judge finds a particular case "outside the 'heartland' to which the Commission intends individual Guidelines to apply.". . . On the other hand, while the Guidelines are no longer binding, closer review may be in order when the sentencing range "fails to properly reflect §3553(a) considerations" even in a mine-run case.

*Kimbrough v. United States*, 552 U.S. 85, 89 (2007) (citations omitted).

### B.     Resolution of Material Issues of Fact

Prior to sentencing, the Court must resolve any material issues of fact, and must state its factual findings – by adoption of the Presentence Report or otherwise – on the record in a manner sufficient to permit appellate review. *See, e.g., United States v. Phillips,* 431 F.3d 86, 93-94 (2d Cir. 2005). The Court is authorized to make all factual determinations relating to the Sentencing Guidelines by a preponderance of the evidence, considering any reliable evidence, including hearsay. *See United States v. Gonzalez*, 407 F.3d 118, 125 (2d Cir. 2005); *United States v. Martinez*, 413 F.3d 239, 243 (2d Cir. 2005).

### C.     Statement of Reasons for the Sentence

Section 3553(c) requires the reasons for its imposition of the particular sentence." Although a Guidelines sentence "will not necessarily require a lengthy explanation," where a party presents non-frivolous reasons for a non-Guidelines sentence "the judge will normally go further and explain why he has rejected those arguments." *Rita v. United States*, 551 U.S. 338, 357 (2007). If the Court decides to impose a non-Guidelines sentence it must state "the specific reason" for imposing a sentence other than a Guidelines sentence, and the "reasons must also be stated with specificity" in the written judgment. 18 U.S.C. §3553(c)(2); *Cavera*, 550 F.3d at 193; *United States v. Goffi*, 446 F.3d 319, 321-22 (2d Cir. 2006).

## VI.    GOVERNMENT'S RECOMMENDATION WITHIN GUIDELINES RANGE

### A.     Imprisonment

The United States recommends that the Court sentence the defendant to a term of imprisonment within the Sentencing Guidelines range.

"[I]n the ordinary case, the Commission's recommendation of a sentencing range will 'reflect a rough approximation of sentences that might achieve §3553(a)'s objectives.'" *Kimbrough,* 552 U.S. at 89; *Gall,* 552 U.S. at 51 (Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions"); *United States v. Rattoballi*, 452 F.3d 127, 133 (2d Cir. 2006) (Guidelines were fashioned after careful consideration of the other §3553(a) factors by "an expert agency whose statutory charge mirrors the §3553(a) factors"). Moreover, within-Guidelines sentences promote Congress's goal in enacting the Sentencing Reform Act -- "to diminish unwarranted sentencing disparity." *Rita,* 552 U.S. at 354.

B.  **Supervised release**

The United States recommends that the Court sentence the defendant to a term of supervised release within the Sentencing Guidelines range.

C.  **Fine and Special Assessment**

The PSR (paras. 35, 36 and 37) indicates the defendant has the ability to pay a fine. The United States recommends that the Court impose a fine within the Sentencing Guidelines range.

VII.  **CONCLUSION**

The United States respectfully submits that a Guidelines sentence is appropriate as to this defendant because it is "sufficient, but not greater than necessary" to achieve the goals of sentencing.

Dated: May 17, 2011                             Respectfully submitted,

                                                RICHARD S. HARTUNIAN
                                                United States Attorney


                                                By: */s/ Elizabeth Horsman*
                                                Elizabeth Horsman
                                                Assistant United States Attorney
                                                Bar Roll No. 515350


CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was electronically filed using the CM/ECF system, which sent notification of such filing to opposing counsel of record.

                                                */s/ Elizabeth A. Horsman*
                                                Elizabeth A. Horsman